UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
------------------------------------------------------
                                          :
WILLIAM R. BROOKS,                        :
                                          :        CASE NO. 1:08-CR-141
                Petitioner,               :
                                          :
vs.                                       :        OPINION & ORDER
                                          :        [Resolving Doc. 144]
UNITED STATES OF AMERICA,                 :
                                          :
                Respondent.               :
                                          :
------------------------------------------------------

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

        *Pro se* petitioner William R. Brooks moves under 28 U.S.C. § 2255 to vacate, set aside or correct his sentence.  [Doc. 144.]  In opposition, the government argues that the petition should be dismissed as untimely, that Brooks waived his right to raise his claims in the plea agreement, and that Brooks's claims have no merit.  [Doc. 152.]  Although this Court finds that Brooks timely filed this petition, his claims fail on the merits, and the Court **DENIES** Brooks's motion.

                                        I.

        On March 27, 2008, a federal grand jury indicted Petitioner Brooks and two co-defendants, for, among other things, conspiracy and bank fraud.  [Doc. 1.]  The court[1] appointed counsel to represent Brooks, and on December 12, 2008, Brooks filed a motion to proceed *pro se*.  [Doc. 46.] After a hearing, the court found Brooks knowingly sought to represent himself, granted Brooks's motion to represent himself and appointed his original trial counsel as advisory counsel.  [Doc. 56.] Then, the government filed a superseding indictment against Brooks, and Brooks appeared *pro se* during the arraignment hearing on the superseding indictment.  [Docs. 69; 113.]

        _____

        [1] Generally, a § 2255 petition must be filed with "the court which imposed the sentence."  In 2011, however, Brooks's case was reassigned to this Court pursuant to General Order 2011-5 (distributing the docket of Judge Kathleen O'Malley).

Case No. 1:08-CR-0141
Gwin, J.

A jury trial was scheduled to commence on April 2, 2009.  But on the day of trial, Brooks changed his plea and entered into a plea agreement.  With the plea agreement, Brooks agreed to plead guilty to all seventeen counts.  [Doc. 92.]  The court sentenced Brooks to a term of 85 months' incarceration on Counts one through seventeen, to be followed by a five-year term of supervised release.  [Doc. 118.]

Brooks filed a notice of appeal *pro se*, [Doc. 115], and his court-appointed appellate counsel filed a "motion and adequate brief in compliance with *Anders v. California* . . . [and] request[ed] permission to withdraw . . . because of a lack of any good-faith issues to appeal," [Doc. 139].  The Sixth Circuit affirmed the district court's judgment and sentence, dismissed the appeal, [*see id.*], and on December 15, 2011, Brooks filed this timely § 2255 motion.

## II.

The standard for reviewing a claim of ineffective assistance of counsel is a two-prong test:

> First, the defendant must show that counsel's performance was deficient.  This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment.  Second, the defendant must show that the deficient performance prejudiced the defense.  This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable.  Unless a defendant makes both showings, it cannot be said that the conviction or death sentence resulted from a breakdown in the adversary process that renders the result unreliable.

*Strickland v. Washington*, 466 U.S. 668, 687 (1984).

## III.

First, "It is well settled that a defendant in a criminal case may waive any right, even a constitutional right, by means of a plea agreement."  *United States v. Fleming*, 239 F.3d 761, 763 (6th Cir.2001) (internal quotation marks omitted).  In his plea agreement, Brooks generally waived

-2-

Case No. 1:08-CR-0141
Gwin, J.

his right to collaterally attack his conviction and sentence.  He did, however, preserve prosecutorial

misconduct and ineffective assistance of counsel claims, and the right to challenge his sentence if

it exceeded the statutory maximum or recommended guidelines range.  [*See* Doc. 92.]  But Brooks

does not argue that the waiver is invalid.  *See Davila v. United States*, 258 F.3d 448, 450-51 (6th Cir.

2001) ("To be a valid waiver the defendant must enter into the waiver agreement knowingly,

intelligently, and voluntarily.").  Thus, to the extent that Brooks's petition raises non-preserved

claims, he has waived them.

*A.  Ineffective Assistance of Trial Counsel*

   Brooks's original trial counsel acted only in advisory capacity after Brooks elected to

proceed *pro se* in the middle of the pre-trial stage.  [Doc. 100.]  The Court "will not impose upon

stand-by counsel the same obligations that an attorney would have if [the defendant] were not

proceeding *pro se*."  *Holmes v. United States*, 281 F. App'x. 475, 481 (6th Cir. 2008).  "Even if

standby counsel failed to act in some manner, such failure is an incidental effect of [defendant's

decision to proceed *pro se*], and not the basis of an ineffective assistance of counsel claim."  *Id.* at

480.  As to the counsel's conduct before Brooks proceeded *pro se*, Brooks's decision to defend

himself also makes it virtually impossible to apply the *Strickland* test:  the outcome of the case

depended on both counsel and Brooks's conducts.  *See Wilson v. Parker*, 515 F.3d 682, 699 (6th Cir.

2008).  For these reasons, Brooks's ineffective assistance of counsel claim fails.  But in utmost

deference to Brooks as a *pro se* petitioner, the Court will address the merits of his claims.

   In Ground One, Brooks asserts his trial counsel failed to defend him in various stages of the

case proceeding.  First, as to the arraignment stage, Brooks argues that the United States government

has no subject matter authority over the Bank Fraud charge because the FDIC does not insure for

Case No. 1:08-CR-0141
Gwin, J.

bank fraud.  But 18 U.S.C. § 1344 simply requires "pro[of] . . . that the financial institution was

insured by the FDIC."  *United States v. Moffie*, 239 F. App'x 150, 154 (6th Cir. 2009) (citation and

internal quotation marks omitted).

As to the pre-trial stage, Brooks says his counsel failed to file a suppression motion.

Contrary to Brooks's argument, the record shows that Brooks's counsel filed a motion to suppress

evidence on June 15, 2008.  [Doc. 24.]  The court denied it.  [Doc. 42.]

Next, Brooks claims counsel was absent from his arraignment on the superceding indictment

and neglected to object to the superceding indictment.  According to the transcript of the

arraignment, Brooks's advisory counsel asked another attorney to stand in the meeting on behalf of

Brooks.  [Doc. 113.]  So Brooks chose to proceed at the arraignment *pro se*.  *Id.*  Moreover, as

permitted by Federal Rule of Criminal Procedure 7, the prosecution made four substantive

corrections in the superceding indictment, along with some grammatical and structural changes (not

just, as Brooks says, typographical errors).  Even more important, Brooks shows no prejudice and

makes no showing that anything done at the re-arraignment prejudiced him.

As to the plea bargaining stage, Brooks says that counsel failed to challenge the lack of

factual basis in the plea agreement.  But again, the record shows that the government presented, and

the district court found, a sufficient factual basis.  And the Sixth Circuit affirmed, commenting that

"Brooks himself admitted the facts that the district court relied on in making its findings."  [Doc.

139 at 4.]

And finally, as to the sentencing stage, Brooks claims his counsel to consult with and

advocate for him and that, as a result, sentencing errors occurred.  But again, counsel was *advisory*,

Brooks himself submitted twelve pages of objections to the PSR, and the district court addressed

Case No. 1:08-CR-0141
Gwin, J.

each objection (over twenty-six pages of transcript).  And at the sentencing hearing, counsel spoke

on Brooks's behalf.  [*See* Doc. 121.]

Accordingly, each of Brooks's ineffective assistance of trial counsel claims lack factual and

legal support, and Brooks has failed to demonstrate either deficient performance or prejudice.

*B.  The Plea Agreement Was Breached During the Sentencing Hearing*

In Ground Two, Brooks asserts that the prosecution did not "argue the terms" of the plea

agreement to the district court at the sentencing stage.  As best the Court can understand, Brooks

takes issue with the government's request for a sentence at the high-end of the guidelines range.  But

the plea agreement simply required the government to recommend a within-guidelines-range

sentence.  And it did.  [*See* Doc. 121 at 36-38.]  Accordingly, Brooks's second claim fails as well.

*C.  Appellate Counsel Rendered Ineffective Assistance during the Appeal*

Finally, Brooks asserts his appellate counsel rendered ineffective assistance.  According to

Brooks, his appellate counsel failed to consult him or advocate for him and failed to argue that

Brooks's speedy-trial rights were violated.  In fact, the Sixth Circuit addressed, and rejected,

Brooks's speedy-trial claim, along with the others that were raised in the "adequate" *Anders* brief

that Brooks's appellate counsel filed.  [Doc. 139.]  Brooks's petition does not provide any additional

facts to show he was prejudiced by the appellate counsel's conduct.  Brooks has not satisfied either

prong of the *Strickland* test and is not entitled to relief.

IV.

For the foregoing reasons, the Court **DENIES** the Petitioner's motion to vacate.  The Court

finds that no hearing is necessary in the instant matter, as the record of the case conclusively shows

that Brooks is not entitled to relief.

Case No. 1:08-CR-0141
Gwin, J.

Furthermore, the Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith, and that there is no basis upon which to issue a certificate of appealability pursuant to 28 U.S.C. § 2253(c); Fed. R. App. P. 22(b).

IT IS SO ORDERED.

Dated: July 28, 2012

s/        *James S. Gwin*
JAMES S. GWIN
UNITED STATES DISTRICT JUDGE