UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
-------------------------------------------------------
                                                :
UNITED STATES OF AMERICA,                       :
                                                :    CASE NO. 1:08-CR-00141-JG-1
        Plaintiff/Respondent,           :
                                                :
vs.                                             :    OPINION & ORDER
                                                :    [Resolving Docs. 164, 166, 168]
WILLIAM R. BROOKS,                              :
                                                :
        Defendant/Petitioner.           :
                                                :
-------------------------------------------------------

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

*Pro se* petitioner William R. Brooks pled guilty to bank fraud, conspiracy, and fifteen other crimes. This Court denied Brook's motion to vacate under 28 U.S.C. § 2255. Now, Brooks moves the Court to: (1) alter or amend its judgement under Federal Rule of Civil Procedure 59(e)[1] and (2) correct a purported error in his presentence report under Federal Rule of Criminal Procedure 36. The Government has opposed those motions. For the reasons below, the Court **DENIES** Brooks's motions.

### I. Background

On March 27, 2008, a federal grand jury indicted Petitioner Brooks and two co-defendants, for, among other things, conspiracy and bank fraud.[2] The court appointed counsel to represent Brooks, and on December 12, 2008, Brooks filed a motion to proceed *pro se*.[3] After a hearing, the court found that Brooks knowingly sought to represent himself, granted Brooks's motion to represent

---

[1] Brooks also makes a motion to amend his motion to reconsider. Doc. 168. With that motion, he filed his proposed amendments. Doc. 168-1. Because the Court considers those amendments below, and because those amendments have no merit, the Court denies Brooks's motion to amend his motion for reconsideration.
[2] Doc. 1.
[3] Doc. 46.

Case No. 1:08-CR-00141-JG-1
Gwin, J.

himself and appointed his original trial counsel as advisory counsel.[4] Then, the government filed a superseding indictment against Brooks, and Brooks appeared *pro se* during the arraignment hearing on the superseding indictment.[5]

A jury trial was scheduled to commence on April 2, 2009. But on the day of trial, Brooks changed his plea and entered into a plea agreement. With the plea agreement, Brooks agreed to plead guilty to all seventeen counts.[6] The court sentenced Brooks to a term of 85 months' incarceration on Counts one through seventeen, to be followed by a five-year term of supervised release.[7]

Brooks filed a notice of appeal *pro se*,[8] and his court-appointed appellate counsel filed a "motion and adequate brief in compliance with *Anders v. California* . . . [and] request[ed] permission to withdraw . . . because of a lack of any good-faith issues to appeal."[9] The Sixth Circuit affirmed the district court's judgment and sentence and dismissed the appeal.[10] On December 15, 2011, Brooks filed a timely § 2255 motion,[11] which this Court denied.[12]

## II. Rule 59(e)

Brooks moves this Court to alter or amend its judgement denying his § 2255 motion. Under Rule 59(e), a court may grant a motion to amend or alter its judgment if there is: (1) a clear error of law; (2) newly discovered evidence; (3) an intervening change in controlling law; or (4) to prevent

---

[4] Doc. 56.
[5] Docs. 69; 113.
[6] Doc. 92.
[7] Doc. 118.
[8] Doc. 115.
[9] Doc. 139.
[10] Docs. 139; 142.
[11] Doc. 144.
[12] Doc. 161.

Case No. 1:08-CR-00141-JG-1
Gwin, J.

manifest injustice.[13] But, a reconsideration motion is not an opportunity to re-litigate previously decided matters or present the case under new theories.[14] Such a motion is extraordinary and sparingly granted.[15]

Here, Brooks arguments do not justify reopening this Court's order. First, Brooks says that the Court should reconsider his ineffective assistance of trial counsel arguments. Specifically, he says that the Court misconstrued his ineffective assistance of trial counsel claim because it did not consider a claim that his counsel was ineffective before he proceeded *pro se*.[16] He also seems to say that the Court lacked jurisdiction over him because the FDIC does not insure against bank fraud.[17] But, Brooks made these arguments in his § 2255 motion.[18] The Court considered those arguments and denied them.[19] And, Brooks has failed to offer new factual or legal support in his motion for reconsideration. Thus, Brooks has failed to demonstrate that the Court should reconsider its judgement on his ineffective assistance of trial counsel claim.

Second, Brooks says that the Court should reconsider his argument that his "plea agreement was breached during the sentencing hearing."[20] He says that the Court incorrectly determined his sentencing guidelines range because the Court and the United States Probation Office "made incorrect, unsupportable factual findings with respect to the amount of loss" that Brooks caused.[21] But, in his plea agreement, Brooks waived his right to appeal the Court's determination of his

---

[13] *See Gencorp, Inc. v. Am. Int'l Underwriters*, 178 F.3d 804, 834 (6th Cir. 1999).
[14] *Sault Ste. Marie Tribe of Chippewa Indians v. Engler*, 146 F.3d 367, 374 (6th Cir. 1998).
[15] *Plaskon Elec. Materials, Inc. v. Allied-Signal, Inc.*, 904 F.Supp. 644, 669 (N.D. Ohio 1995).
[16] Doc. 164 at 1-2.
[17] Doc. 168-1 at 2-4.
[18] Doc. 144-1 at 4-9.
[19] Doc. 161 at 3-4.
[20] Docs. 164 at 2; 168-1 at 5.
[21] Doc. 164 at 2.

Case No. 1:08-CR-00141-JG-1
Gwin, J.

guidelines range.[22] And Brooks has failed to show how the loss amount determination falls outside the broad language of his waiver.[23] He also agreed that the "Court alone [would] decide [his] applicable sentencing range under the advisory Sentencing Guidelines . . . and what sentence to impose."[24] Thus, Brooks has failed to demonstrate that the Court should reconsider its judgement on his claim that the Government breached his plea agreement.

Third, Brooks asks the Court to reconsider his argument that his appellate counsel rendered ineffective assistance during his appeal. He says that his appellate counsel failed to argue that Brooks's speedy-trial rights were violated.[25] But again, Brooks made these arguments in his § 2255 motion.[26] The Court considered those arguments and denied them.[27] And, Brooks has failed to offer new factual or legal support that could show that he was prejudiced by his appellate counsel's conduct. Thus, Brooks has failed to demonstrate that the Court should reconsider its judgement on his ineffective assistance of appellate counsel claim.

Fourth and finally, Brooks makes two *Ex Post Facto* Clause arguments. He says that the Court erred in calculating his sentencing guideline's range using the 2002 guidelines manual.[28]

---

[22] Doc. 92 at 27 ("The Defendant expressly waives [his appellate and §2255] rights, except as reserved below. Defendant reserves the right to appeal: (a) any punishment in excess of the statutory maximum; (b) any sentence to the extent it exceeds the maximum of the sentencing range determined under the advisory Sentencing Guidelines, using the Criminal History Category found applicable by the Court."). *See also United States v. Reese*, 509 F. App'x 494, 498 (6th Cir. 2012), *cert. denied*, 133 S. Ct. 2780 (U.S. 2013). To the extent Brooks argues that his waiver was not knowing and voluntary, doc. 168-1 at 1-2, the Court finds this argument unpersuasive. At Brooks's change of plea hearing, the Court followed the requirements of Federal Rule of Criminal Procedure 11. The Court also confirmed on the record that Brooks understood that he was "waiving [his] right to appeal from the conviction in this case as long as the Court sentences you in a manner that's not in excess of the Court's guideline determinations." Doc. 108 at 3.

[23] *See Reese*, 509 F. App'x at 499-500.
[24] Doc. 92 at 30.
[25] Doc. 164 at 3.
[26] Doc. 144-1 at 14-17.
[27] Doc. 161 at 5.
[28] Doc. 168-1 at 8-9.

-4-

Case No. 1:08-CR-00141-JG-1
Gwin, J.

Instead, he says that the Court should have used the 2008 manual, which would have resulted in a lower guidelines calculation.[29] Brooks also seems to say that the Government indicted him under a law that was not enacted until after he committed his offenses.[30] But, the Sixth Circuit has "repeatedly held [that] Rule 59(e) motions cannot be used to present new arguments that could have been raised prior to judgment."[31] Brooks could have raised these arguments in his § 2255 motion, but he did not. And Brooks has failed to say why he could not raise these arguments until now. Thus, the Court finds that Brook's cannot present these arguments for the first time in his motion for reconsideration.

### III. Rule 36

Under Federal Rule of Criminal Procedure 36, Brooks also moves the Court to correct a purported error in his presentence report.[32] But, the Court finds that Rule 36 is not the proper vehicle for Brooks's motion. Rule 36 says that "[a]fter giving any notice it considers appropriate, the court may at any time correct a clerical error in a judgment, order, or other part of the record, or correct an error in the record arising from oversight or omission."[33] But, a "clerical error must not be one of judgment or even of misidentification, but merely of recitation, of the sort that a clerk or amanuensis might commit, mechanical in nature."[34]

Here, Brooks ask the Court to correct his presentence report because he says that paragraphs eighty-six and ninety "contain false and inaccurate information."[35] He says that his prior convictions

---

[29] Doc. 168-1 at 8-9.
[30] Doc. 168-1 at 9-10.
[31] *Howard v. United States*, 533 F.3d 472, 475 (6th Cir. 2008).
[32] Doc. 166.
[33] Fed. R. Crim. P. 36.
[34] *United States v. Robinson*, 368 F.3d 653, 656 (6th Cir. 2004) (quotation omitted).
[35] Doc. 166 at 1.

-5-

Case No. 1:08-CR-00141-JG-1
Gwin, J.

described in those paragraphs "are from a source that does not comport with the indicia of reliability standards of the court."[36] But, Brooks's purported error is far more than a clerical or mechanical error. In effect, Brooks now asks the Court to reconsider the validity of his prior convictions. If Brooks's claims were undisputed, Rule 36 may have been the appropriate vehicle to ask the Court to correct the error. But, Brooks's asks the Court to correct purported errors that far exceed the limited scope of Rule 36. As a result, the Court denies his motion.

### IV. Conclusion

For the reasons above, the Court **DENIES** Brooks's motions.[37]

IT IS SO ORDERED.

Dated: July 29, 2013    s/ *James S. Gwin*
                        JAMES S. GWIN
                        UNITED STATES DISTRICT JUDGE

---

[36] Doc. 166 at 2.
[37] The Court denies docs. 164, 166, and 168.